IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BARRY HOLLAND and ANTHONY GLOVER, Individually and On Behalf of All Others Similarly Situated, | ) ) ) ) ) | CIVIL ACTION FILE NO. |
| Plaintiffs, | ) ) | JURY TRIAL DEMANDED |
| v. | ) ) | |
| COLEMAN AMERICAN MOVING SERVICES, INC., d/b/a COLEMAN WORLDWIDE MOVING, | ) ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

COME NOW Plaintiffs, by and through their attorneys of record, and hereby file this Complaint for damages against Defendant Coleman American Moving Services, Inc. (hereinafter "Coleman") or ("Defendant") pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq., for overtime compensation and other relief on the grounds showing as follows

### JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b).

2.

Venue is appropriate in this District pursuant to 29 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

3.

Plaintiff Barry Holland is a former employee of Defendant Coleman American Moving Services, Inc., having been employed from at least three years preceding the filing this action through approximately May 15, 2015 as a residential mover.

4.

Plaintiff Anthony Glover is a current employee of Defendant Coleman American Moving Services, Inc., having been employed from on or about 2011 to date as a residential mover.

5.

Defendant Coleman American Moving Services, Inc. is a domestic corporation existing under the laws of the State of Georgia. Defendant may be served with process via service on its registered agent, Ken Diggers, at his business address of 2711 U.S. Highway 17, Richmond Hill, Georgia 31324.

6.

Defendant is subject to the personal jurisdiction of this Court.

## FACTUAL ALLEGATIONS COMMON TO PLAINTIFFS AND THE CLASS THEY REPRESENT

7.

Plaintiffs bring this action on behalf of themselves and all other similarly situated present and former employees of Defendant who consent to the representation, pursuant to 29 U.S.C. § 216(b).  Each individual Plaintiff's Consent to Serve As A Plaintiff Representative Under The Fair Labor Standards Act is filed herewith as Exhibits "A" and "B" to this Complaint.

8.

This action is brought by former and current employees of Defendant on behalf of all current and former employees who are or were employed by Defendant whose work (regardless of job title), in whole or in part, is that of a driver, driver's helper, loader or mechanic, and whose work affects the safety of operation of motor vehicles weighing 10,000 pounds or less in transportation on public highways in interstate commerce,  based upon Defendant's common policy of failing to properly compensate them for overtime worked and earned in the manner stated herein.

9.

Plaintiffs and the class they represent were and/or are employees engaged in commerce by providing residential moving services to Defendant's customers inside and outside the State of Georgia.

10.

Plaintiffs and the class they represent were and/or are employed by an enterprise engaged in commerce, *i.e.*, a nationwide and international residential and commercial moving services company doing business in many states as defined in 29 U.S.C. § 203(s)(1)(A).

11.

Plaintiffs and the class they represent were and/or are an "employee[s]" of Defendant as defined in the 29 U.S.C. § 203(e)(1).

12.

Defendant is primarily engaged in providing international, interstate and local residential and commercial moving services to its customers.

13.

Defendant advertises itself as available to provide international, interstate and local residential and commercial moving services throughout North America. See www.colemanallied.com.

14.

Plaintiffs and the class they represent performed the actual labor of moving the property of Defendant's residential customers within and outside the State of Georgia.

15.

The primary duties of Plaintiffs and the class they represent, regardless of job title, consisted of driving moving trucks, loading and unloading moving trucks and packing and unpacking the property of Defendant's customers during the moving process.

16.

The work done by Plaintiffs and the class they represent was an integral and essential part of Defendant's business.

17.

In performing their duties as movers, Plaintiffs and the class they represent, in part, performed duties on motor vehicles which weighed less than 10,000 pounds.

18.

Specifically, Plaintiffs and the class they represent would drive, load and unload trucks which weighed less than 10,000 pounds, including Ford F-150 Trucks.

19.

Ford F-150 trucks weigh less than 10,000 pounds.

20.

The work Plaintiffs and the class they represent would perform on trucks which weighed less than 10,000, was more than *de minimis*.

21.

Plaintiffs and the class they represent worked in part on vehicles which were designed or used to transport less than sixteen (16) passengers and such vehicles were not used to transport passengers for compensation.

22.

Plaintiffs and the class they represent did not transport hazardous materials as that term is defined in 49 U.S.C. § 5103.

23.

Plaintiffs and the class they represent were paid an hourly wage.

24.

Plaintiffs and the class they represent were not paid a salary.

25.

Plaintiffs and the class they represent were not guaranteed a salary of at least $455 per week.

6

26.

Plaintiffs and the class they represent were paid a straight hourly wage for all hours worked up to forty (40) in any given workweek.

27.

During the three year period preceding the filing of this Complaint, each Plaintiff and each member of the class they represent, at least on occasion, worked in excess of forty (40) hours per week.

28.

When Plaintiffs and the class they represent worked more than forty (40) hours per week, they were each paid the same straight time wage for all hours worked over forty (40) as they were for all hours worked up to forty (40).

29.

Defendant did not pay Plaintiffs and the class they represent time and one half of their regular hourly rate for all hours worked over forty (40) in any given work week.

30.

In 2012, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

31.

In 2013, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

32.

In 2014, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

33.

In 2015, Defendant had or will have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

34.

Defendant was or is the "employer" of Plaintiffs and the class they represent as defined in 29 U.S.C. §203(d).

35.

Defendant improperly classified Plaintiffs and the class they represent as exempt from the overtime pay provisions of the FLSA pursuant to the Motor Carrier Act.

36.

Pursuant to the SAFETEA—LU Technical Corrections Act of 2008, Pub. L. No. 110-244, § 306(c), Plaintiffs and the class they represent are expressly classified under the FLSA as non-exempt "covered employee(s)" entitled to overtime pay as required by 29. U.S.C. § 207(a).

37.

Plaintiffs and the class they represent were not subject to any exemption from the overtime pay requirements of the FLSA.

38.

Defendant has failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the Fair Labor Standards Act under 29 U.S.C. §§ 207 or 213.

39.

Plaintiffs and each member of the class they represent are required to be compensated at a rate of one and one half times their regular hourly rate for each hour worked in excess of forty hours in any given pay period.

30.

Defendant knew or should have known that the FLSA applied to Plaintiffs and the class they represent.

41.

Upon information and belief, in failing or refusing to pay Plaintiffs and the class they represent overtime as required by the FLSA, Defendant has not relied on any letter ruling from the Department of Labor indicating that Plaintiffs and/or the class members were not entitled to overtime.

42.

Upon information and belief, in failing or refusing to pay Plaintiffs and the class they represent overtime as required by the FLSA, Defendant has not relied on any legal advice indicating that such practice was permitted under the FLSA.

43.

Defendant has refused to adequately compensate Plaintiffs and the class they represent for work in excess of forty (40) hours per pay period, at the rates required by law, and have willfully refused to rectify the situation.

44.

Defendant is liable to Plaintiffs and to each member of the class they represent for compensation for any and all time worked in excess of forty (40) hours per week at the rate of at least one and one-half times the regular rate.

45.

Defendant's conduct constitute willful violations of 29 U.S.C. §§ 207 and 215 of the FLSA, entitling Plaintiffs and the class they represent to all relief afforded under the FLSA, including the application of a three (3) year statute of limitations, the award of liquidated damages, and attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216.

## CLAIMS FOR RELIEF

## COUNT ONE:  VIOLATION OF 29 U.S.C. § 207, § 215 AND § 216

46.

Paragraphs 1 through 45 are incorporated herein by this reference.

47.

Defendant's failure to compensate Plaintiffs and the class they represent for time actually worked in excess of forty (40) hours per week on the basis of one and one-half times the regular hourly rate of pay is a violation of § 207 and 215 of the Fair Labor Standards Act of 1938, as amended.  Such violation is intentional and willful.  Said violation gives rise to a claim for relief under the FLSA for unpaid overtime compensation for three years prior to the filing of this Complaint, through the date of judgment in this action, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorneys'

fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**WHEREFORE**, Plaintiffs request that this Court:

(a) Take jurisdiction of this matter;

(b) Permit this case to proceed as an FLSA collective action under 29 U.S.C. § 216 for those employees, past or present, who opt to participate by filing proper written notice with the Court;

(c) Issue an Order holding Defendant to be an "employer" as that term is defined under the FLSA;

(d) Grant a trial by jury as to all matters properly triable to a jury;

(e) Issue a judgment declaring that Plaintiffs and the class they represent were covered by the provisions of the FLSA and that Defendant has failed to comply with the requirements of the FLSA;

(f) Award each Plaintiff proper payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the regular rate, and liquidated damages equaling 100% of overtime due each Plaintiff, as required by the FLSA;

(g) Award each member of the class Plaintiffs represent proper payment for each overtime hour worked in the three years preceding each class member's joining of this collective action, calculated at one and one-half

times the regular rate, and liquidated damages equaling 100% of overtime due each class member Plaintiff, as required by the FLSA;

(h) Award Plaintiffs and each member of the class they represent prejudgment interest on all amounts owed;

(i) Award Plaintiffs and each member of the class they represent nominal damages;

(j) Award each Plaintiff and each member of the class they represent their reasonable attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216(b); and

(k) Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted, this 20th day of July, 2015.

/s/ Mitchell D. Benjamin
Mitchell D. Benjamin
Georgia Bar No. 049888
benjamin@dcbflegal.com
Kevin D. Fitzpatrick, Jr.
Georgia Bar No. 262375
kevin.fitzpatrick@dcbflegal.com

**DeLONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN LLC**
3100 Centennial Tower
101 Marietta Street, NW
Atlanta, Georgia 30303
(404) 979-3150   Telephone
(404) 979-3170   Facsimile